# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 07-2186

_____

| | | |
|---|---|---|
| Anthony James Moore, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Fargo Police Department, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: October 6, 2008
Filed: October 27, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Anthony James Moore appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. After careful de novo review, viewing the evidence and all favorable inferences from it in a light most favorable to Moore, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we conclude that the grant of summary judgment was proper. We also conclude that the district court did not

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendations of the Honorable Charles S. Miller, Jr., United States Magistrate Judge for the District of North Dakota.

abuse its discretion in denying Moore's late-tendered motion for leave to amend his complaint.  See Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).  Finally, we grant appellee's request to file an over-length addendum, but we deny any request by appellee for sanctions.

The dissenting opinion advances an argument not raised by Moore, see JCB, Inc. v. Union Planters Bank, NA, 539 F.3d 862, 875 n.8 (8th Cir. 2008) ("To be reviewable, an issue must be presented in the brief with some specificity"), and we see no extraordinary reason to reject the sufficiency of counsel's affidavit on our own initiative.  Counsel can be competent to provide an affidavit in support of a motion for summary judgment, e.g., Sitts v. United States, 811 F.2d 736, 741-42 (2d Cir. 1987), the city's attorney attested that she personally conducted a thorough and diligent search of the records of the police department, and it was not plainly erroneous for the district court to presume that the attorney for the city was familiar with the city's police files.  Cf. In re Apex Exp. Corp., 190 F.3d 624, 635 (4th Cir. 1999) ("We have held in the Rule 56(e) context that ordinarily, officers would have personal knowledge of the acts of their corporations.") (internal quotation omitted); Lockwood v. Wolf Corp., 629 F.2d 603, 611 (9th Cir. 1980) (holding that where "the attorney negotiated the settlement and handled all the related transactions," it was "reasonable to assume that he had personal knowledge" of whether payment was received by his client).

The judgment is affirmed.  See 8th Cir. R. 47B.

SHEPHERD, Circuit Judge, dissenting.

I respectfully dissent.  A district court may not, for the sake of expediency, undermine the mandatory requirements of the Federal Rules of Civil Procedure by relying on an affidavit that is insufficient.  For the reasons explained below, I would reverse the grant of summary judgment and remand to the district court.  In this matter, Moore alleged that the Fargo Police Department possessed certain records

about DNA evidence collected in his criminal case, and Moore sought an injunction requiring the City of Fargo to turn over those records to him. The City maintained that it had turned over all DNA-related reports pertaining to Moore.

In an effort to expedite the case, the district court directed the City to "check again to see whether it has any other DNA-related documents," and "[i]f the City has no further documents, the City Attorney shall so certify that no other documents have been found after a thorough and diligent search in an affidavit to be filed with the court and the court will treat the affidavit as the City's response to Moore's summary judgment motion . . . ."

In response to this order, Stacey E. Tjon, who claimed to be "the attorney of record in the case," stated that she "thoroughly and diligently searched any and all files related to Mr. Moore in the custody and control of the Fargo Police Department." The district court granted summary judgment in favor of the City based on counsel's affidavit.

Federal Rule of Civil Procedure 56(e) requires that an affidavit filed in support of, or in opposition to, a motion for summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). While it may ultimately be determined that Moore lacks a meritorious claim, the district court erred in relying on an insufficient affidavit to grant summary judgment in favor of the City.

First, there may be certain circumstances where counsel is the appropriate affiant, see Sitts v. United States, 811 F.2d 736, 741-42 (2d Cir. 1987) (recognizing the "rule that attorney's affidavit alone is insufficient to support a motion for summary judgment," but allowing such affidavit where "the material fact upon which the . . . summary judgment motion was premised was a procedural fact that was within

the personal knowledge of the attorney"); Lockwood v. Wolf Corp., 629 F.2d 603, 611 (9th Cir. 1980) (finding attorney had sufficient personal knowledge of whether payment was received where "the attorney negotiated the settlement and handled all the related transactions"), but I agree with the Seventh Circuit that "it is a tactic fraught with peril" and that counsel's affidavit must still meet the requirements of Rule 56(e), see Friedel v. City of Madison, 832 F.2d 965, 969-70 (7th Cir. 1987). By accepting counsel's affidavit, the district court transferred the obligations of the defendant to the defendant's counsel, who is not a party in this action. Whether the police department records contain certain criminal reports is not the type of information that would normally be within the personal knowledge of counsel who represents the City on civil matters, and merely reviewing those records without an understanding of the how the records are maintained will not vest an attorney with the requisite personal knowledge. See Wellhouse v. Tomlinson, 197 F. Supp. 739, 739-40 n.2 (S.D. Fla. 1961) (rejecting affidavit submitted by Justice Department attorney that was prepared "upon knowledge and information gained from examination of the files of the Internal Revenue Service" as the affidavit was not made on personal knowledge of the affiant and did not demonstrate the competency of the affiant to testify to the facts of the affidavit). To support its motion for summary judgment, the City should have submitted an affidavit from the city official responsible for maintaining the relevant records.

Second, the affidavit lacked any facts that would be admissible in evidence. In the affidavit, counsel swore that she conducted a thorough and diligent search but did not provide any facts from which the district court could confirm that the search was either thorough or diligent. See Toro Co. v. Krouse, Kern & Co., 644 F. Supp. 986, 989 (N.D. Ind. 1986) ("Rule 56(e) clearly indicates that facts stated in an affidavit must do more than state legal conclusions or even ultimate facts. Rather, to be considered in connection with a motion for summary judgment, facts must be stated with specificity, both to bolster their reliability and avoid the drawing of legal conclusions by persons other than those trained to do so.").

Third, the affidavit did not indicate the level of access counsel was provided to the records of the Fargo Police Department. Thus, the court was unable to determine counsel's competency to testify that those records do not contain any additional DNA-related reports pertaining to Moore.

Finally, the affidavit did not appear to meet the requirement set forth in the court's order that it be made by the City Attorney. Ms. Tjon averred only that she is counsel for the City, not that she is the City Attorney.

The affidavit from the city's counsel in this civil matter was insufficient, and I would reverse the grant of summary judgment and remand the matter to the district court. Accordingly, I dissent.

_____